FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 09, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re: GIGA WATT INC.,<br><br>    Debtor.<br>_____<br>JUN DAM,<br><br>    Appellant,<br><br>    v.<br><br>MARK D. WALDRON, Trustee,<br><br>    Appellee. | No. 2:25-CV-00076-SAB<br><br>**ORDER OF DISMISSAL** |

Before the Court is Appellee's Motion to Dismiss Appeal for Lack of Appellate Standing, ECF No. 3. Appellant is pro se. Appellee is represented by Pamela Egan. The motion was heard without oral argument.

## BACKGROUND

The Giga Watt Project was formed to build and run a large-scale cryptocurrency mining operation. As part of the project, Giga Watt sold so-called "WTT Tokens" that entitled a token purchaser to use electricity generated by the Giga Watt facility to mine and generate cryptocurrency. The sales proceeds from the WTT Tokens totaled more than $22 million, which was held by Perkins Coie LLP ("Perkins") in an escrow account. After the initial sale of tokens was complete, Perkins provided refunds to some purchasers, paying them from the escrow fund. Perkins subsequently transferred $21.6 million to Giga Watt entities, and by February 22, 2018, the escrow account was depleted.

**ORDER OF DISMISSAL #1**

Giga Watt filed for Chapter 11 bankruptcy on November 19, 2018, in the Eastern District of Washington ("the Bankruptcy Case"). Appellee Mark D. Waldron ("Trustee Waldron") was appointed as the Chapter 11 Trustee on January 24, 2019. On November 30, 2020, Trustee Waldron commenced an adversary proceeding (the "Adversary Proceeding") against Perkins alleging that Perkins's disbursement of the escrow funds violated a fiduciary duty that resulted in Giga Watt's collapse. On December 15, 2020, the Bankruptcy Court entered an order approving the employment of Potomac Law Group ("PLG") as special litigation counsel in the Adversary Proceeding.

On December 16, 2020, Appellant Jun Dam ("Dam") filed a class action lawsuit in this Court (the "Class Action Suit"). The class members consisted of individuals who had purchased WTT Tokens.

PLG ultimately reached an agreement to settle both the Adversary Proceeding and the Class Action Suit (the "Settlement Agreement"), wherein Perkins agreed to pay $3 million to the bankruptcy estate and $4.5 million to the class members. On October 4, 2023, the Bankruptcy Court approved the Settlement Agreement. On February 2, 2024, this Court entered a preliminary approval of the Settlement Agreement. The class members were allowed to object or opt-out, but none did, and this Court then entered final approval of the Settlement Agreement on May 23, 2024.

The Settlement Agreement defines a "Released Claim" as "any and all actions, claims, demands, rights, suits, and causes of action of whatever kind or nature against the Released Parties . . . ." It further defines "Released Parties" as the bankruptcy estate, Trustee Waldron, and "agents and attorneys" of the bankruptcy estate. Finally, it defines a "Releasing Party" as "Plaintiff and each and every Class Member." Under the Settlement Agreement's release clause, each Releasing Party was deemed to have waived any Released Claim against any Released Party.

**ORDER OF DISMISSAL #2**

On October 2, 2024, Trustee Waldron filed three omnibus objections to 283 claims that had been made against the bankruptcy estate, arguing that the claims should be disallowed and expunged from the Bankruptcy Court's claims register because they had been released under the Settlement Agreement. Although Trustee Waldron did not object to Dam's claim, on January 7, 2025, the Bankruptcy Court granted Dam's motion to intervene. Specifically, the Bankruptcy Court reviewed Dam's filings related to the omnibus objections and allowed him to present oral argument on January 22, 2025.

On January 30, 2025, the Bankruptcy Court granted Trustee Waldron's omnibus objections (the "Order"). However, the Order did not disallow or expunge Dam's claim, and it still remains on the claims register in the Bankruptcy Court.

On February 18, 2025, Dam filed a motion for reconsideration of the Order, which the Bankruptcy Court denied on February 21, 2025.

On March 6, 2025, Dam filed a Notice of Appeal in the U.S. District Court for the Eastern District of Washington in case No. 2:25-cv-00076-SAB, seeking to overturn the Order. On March 17, 2025, Appellee filed this Motion, asking this Court to deny Dam's appeal for lack of appellate standing.

## MOTION STANDARD

To appeal a bankruptcy court order, the appellant bears the burden of demonstrating both (1) Article III standing and (2) that it is "aggrieved" by the order it seeks to appeal. *Matter of E. Coast Foods, Inc.*, 80 F.4th 901, 905–06 (9th Cir. 2023), *cert. denied sub nom. Clifton Cap. Grp., LLC v. Sharp*, 144 S. Ct. 1064 (2024).

To establish Article III standing, an appellant must show (1) it has suffered an "injury in fact" (*i.e.*, concrete, particularized, and actual or imminent), (2) the injury can be fairly traced to the appellee's conduct, and (3) the injury can be redressed by a favorable order from the appellate court. *Id*. at 906. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992).

ORDER OF DISMISSAL #3

To demonstrate it is aggrieved by a bankruptcy court order, an appellant must show that the order (1) diminishes the appellant's property, (2) increases the appellant's burdens, or (3) detrimentally affects the appellant's rights. *In re P.R.T.C., Inc.*, 177 F.3d 774, 777 (9th Cir. 1999).

## ANALYSIS

In this matter, Dam lacks standing because he can demonstrate neither Article III standing nor that he has been aggrieved by the Order.

With regard to Article III standing, Dam cannot identify an injury in fact that this Court could redress. The Order did not apply to his claim, so there is no injury, and reversing the Order would only provide redress to the individuals whose claims were disallowed and expunged from the claims register.

With regard to whether Dam is aggrieved by the Order, it did not disallow or expunge his claim from the Bankruptcy Court's claims register. Therefore, although the Order indicates that the same logic would apply to Dam's claim, his claim has not yet been addressed and Dam has not suffered from diminished property, increased burdens, or detrimental effects on his rights as a result of the Order. As Appellee points out, should Trustee Waldron object to Dam's claim in the future, he will have full opportunity to address whatever decision the Bankruptcy Court makes.

In light of these considerations, Dam does not have standing to appeal the Bankruptcy Court's decision, and Appellee's Motion to Dismiss is **granted**.

Accordingly, **IT IS HEREBY ORDERED**:

1. Appellee's Motion to Dismiss Appeal for Lack of Appellate Standing, ECF No. 3, is **GRANTED**.

//
//
//
//

**ORDER OF DISMISSAL #4**

2.  Appellant's Motion for Leave to File a Late Response to Trustee's Motion to Dismiss, ECF No. 5, is **DISMISSED AS MOOT**.

**IT IS SO ORDERED**. The Clerk of Court is directed to enter this Order, provide copies to pro se Plaintiff and appellee counsel, and **close** the file.

**DATED** this 9th day of April 2025.



Stanley A. Bastian
Chief United States District Judge

**ORDER OF DISMISSAL #5**